```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                        CHARLOTTE DIVISION
                         3:09CV29-02-MU
```

| | |
|---|---|
| TREVON STEELE,                         ) | |
|                                        ) | |
|     Plaintiff,                         ) | |
|                                        ) | |
|     v.                                 ) | ORDER |
|                                        ) | |
| ROBERT P. JOHNSTON, North Ca-          ) | |
|    rolina Superior Court Judge;        ) | |
| RICHARD D. BONER, North Caro-          ) | |
|    lina Judge;                         ) | |
| JOHN ROSS, Defense Attorney;           ) | |
| and                                    ) | |
| PAT HINES,                             ) | |
|                                        ) | |
|     Defendants.                        ) | |

**THIS MATTER** comes before the Court for an initial review of Plaintiff's Complaint under 42 U.S.C. §1983, filed January 26, 2009. For the reasons stated herein, Plaintiff's Complaint will be dismissed.

By his Complaint, Plaintiff merely alleges:

> Upon [him] getting sentenced in September 2005 [he] pled guilty to AWDWISI with the understanding of having [his] probation violation run concurrent and to live out a sentence of 40 to 57 months in the DOC with 309 day's Jail credit an [sic] a 9 month's [sic] post release. In 2007 Jan [his] time was run concurrent but still not calclated [sic] right an [sic] fix which is violating [his] 8th Amendment of being free from crule [sic] unusual punishment! Also [he's] being held in the DOC against [his] will. "False imprisoned" because the DOC fail to check [his] fine, an have the court in which [he] was sentence have it corrected. If time is calclated [sic] right an [sic] fixed it 'll

> show that [he's] been held against [his] will
> for 4 months. [His] Judge Richard D. Boner an
> [sic] lawyer John Ross refuse to have [his]
> time corrected an [sic] [him] outta [sic]
> prison!

By way of relief, Plaintiff asks this Court to "have [his] time calulated [sic] right, fixed an [sic] motion's for [him] to be let outta [sic] prison like [he's] suppose too [sic]." However, as is apparent from the foregoing, Plaintiff is not entitled to any relief on this Complaint for numerous reasons, not the least of which hereafter are set forth.

First, although he named them as defendants in the case's caption, Plaintiff makes no mention of Defendants Johnston and Hines in his terse statement of the claim. Thus, these two defendants must be summarily dismissed.

Second, it is well settled that "[a]n attorney, whether re-tained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under § 1983." Anderson v. Glover, 2008 WL 4427227, slip op. at 3 (D. S.C. Sept. 29, 2008); see also Hall v. Quillen, 631 F.2d 1154 (4th Cir. 1980)(affirming dismissal of 42 U.S.C. §1983 action against court-appointed attorney as lack-ing "state action" and therefore failing to state a claim); and Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (affirming dismissal of 42 U.S.C. §1983 action against retained counsel).

To put it another way, "when a public defender performs a lawyer's traditional functions as counsel to a defendant in a

criminal proceeding, he does not act under the color of state law there and is not subject to civil liability under 42 U.S.C. § 1983 . . . Further, when an attorney is appointed to represent an indigent criminal client, because the assignment entails functions and obligations in no way dependent on state authority, the attorney is entitled to the dismissal of a plaintiff's § 1983 action against him for want of state action." <u>Wiggins v. Montgomery</u>, 2008 WL 161303, slip op. at 2 (E.D. Va. Jan. 14, 2008) (internal quotations and citations omitted). Consequently, Defendant Ross simply is not amenable to suit under § 1983.

Last, even assuming that Plaintiff's claim against Defendant Judge Boner is not barred by the doctrine of judicial immunity, his conclusory allegations fall far short of stating claims for cruel and unusual punishment and/or false imprisonment. Furthermore, Plaintiff's claim which, at its crux, is a challenge to the calculation of his sentence and a demand for release, simply is not cognizable under § 1983. Rather, as the Supreme Court recently noted, "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of <u>habeas corpus</u> . . . ." <u>Muhammad v. Close</u>, 540 U.S. 749, 750 (2004) (internal quotations omitted), <u>quoting</u> <u>Preiser v. Rodriquez</u>, 411 U.S. 475, 500 (1973). Consequently, this action must be summarily <u>dismissed</u> in its entirety.

**NOW, THEREFORE, IT IS ORDERED** that the instant Complaint is

**DISMISSED with prejudice** for Plaintiff's failure to state a claim upon which relief can be granted.

**SO ORDERED.**

Signed: February 3, 2009

Graham C. Mullen
United States District Judge